The second case on our call today is case number one one zero four nine eight people ex rel versus Anita Alvarez State's Attorney of Cook County versus the Honorable David A. Skryd, Circuit Court of Cook County, agenda number seven counsel. Mr. Chief Justice, Honorable Justices of the Supreme Court, counsel, may it please the court, I am Assistant State's Attorney Alan Spellberg and I represent the petitioner in this matter, Cook County State's Attorney Anita Alvarez. The question before this court is really quite simple. The question is whether or not a circuit court judge may grant a motion to withdraw a guilty plea which is filed nearly 12 years after the plea was entered. In this case the defendant, Efrain Loza, pled guilty to a misdemeanor offense in May of 1998. No further action was taken in the proceedings until April of 2010 when defendant, through counsel, filed a motion to withdraw the guilty plea. The basis for the motion to withdraw the guilty plea was that the original trial judge failed to give the appropriate appellate admonishments pursuant to rule 605. The people objected to the untimely nature of the motion but the trial court, in this case the respondent, Honorable David A. Skryd of the motion over the people's objection and set the matter over for trial. The people then filed a motion to reconsider, specifically pointing out that under this court's rulings in People vs. Flowers and in Ray JT and under the plain language of rule 604, the trial court had no authority, had no jurisdiction to even entertain the defendant's motion to withdraw the guilty plea as it was filed well outside of the 30-day time period authorized by the rules. After a hearing, respondent denied the people's motion to reconsider and thereafter the people filed a motion for leave to file a writ of mandamus or prohibition in this court. Petitioner now asks that this court grant extraordinary relief in the form of either a writ of prohibition or a writ of mandamus. And the reason why such extraordinary relief is warranted in this case is first because the people have no other available adequate legal remedies because an order granting a motion to withdraw a guilty plea cannot be appealed. Moreover, extraordinary relief is warranted in this case because the law is clear that the circuit court had no jurisdiction to even entertain and much less grant a motion to reconsider, a motion to withdraw a guilty plea. Mr. Spelberg, under those circumstances then what recourse does the defendant have to withdraw a guilty plea where he's not admonished by the trial judge that he must file a motion within 30 days in order to withdraw the guilty plea and vacate the judgment? Well, Your Honor, there are two recourses. First, let me say that recourse within the normal rules under Rule 604 are not available. There's no opportunity to bring an appeal to the appellate court because the appellate court's jurisdiction is limited also by the rules to at most filing a late notice of appeal six months after the time frame. This court, however, obviously does have supervisory authority to allow appeals and matters to proceed outside of the jurisdictional limitations. And then the other recourse, which is really the appropriate recourse that should have been taken here, is through a request for clemency relief to the governor. Once the conviction became final, the state's interest in maintaining that conviction became paramount. And so at that point, the courts should no longer have had another mechanism available such as the Post-Conviction Hearing Act or a Section 214.01 challenge. And at that point, the executive's clemency authority would have been the basis for any attempt to challenge or attack the conviction. But that's not what happened in this case. In this case, a defendant came in nearly 12 years to the day after he entered his guilty plea in the trial court without really making any findings or really granting any rulings, simply held that the matter should be set over for trial. Even though the trial court here, even though the respondent here, recognized that it would be next to impossible for the people to prosecute a case at such a late date. And that type of understanding is what's inherent in the recognition of finality as a paramount concern. Because as time progresses, memory fades, witnesses die or can no longer be found, and it's next to impossible for a prosecutor to bring that matter to the court to demonstrate the defendant's guilt. And it's for those reasons that it was highly inappropriate for the judge to here grant that motion to withdraw. And it's for those same reasons why this court has always recognized the jurisdictional limitations are strict, that they must be adhered to by the lower court. Is this court held in flowers? The 30-day time frame is an absolute jurisdictional restriction upon lower courts. The courts cannot consider, cannot even entertain an untimely motion to withdraw a guilty plea. Is this court held in JT? The failure to give proper 605 in management is not an exception to the jurisdictional requirement of Rule 604. Instead, it is a matter which can be raised on a timely direct appeal, but it is not something which is appropriate for an untimely challenge to a guilty plea. Unfortunately, that's exactly what happened in this case. Counsel, if we would agree with you, what writ is appropriate, prohibition or mandamus, and why? Your Honor, as you've noted, that we've asked in our brief for both or either. And the reason why we do that is because, unfortunately, the law is not entirely clear. Mandamus, this court has recognized that mandamus can be granted to compel a lower official or a court to do something. But it also, in a case called Noyola, specifically held that mandamus can be utilized to undo an action. So it can be done both positive and negative in a fashion. A writ of prohibition, which is directed to judges, can, is in order for the judge to undo an act where he acts beyond his jurisdiction. In the Stralka case, in People, Ex Real, Divine versus Stralka, where the court was presented with the same question as to which type of relief should be granted, mandamus or prohibition, the court identified that it would be prohibition in that case, but didn't particularly establish why it should be prohibition as opposed to mandamus. And so to avoid any waiver of the rights, we have requested it in the alternative. Both forms of relief would reach the same result in this case. If we find that the trial court did not have jurisdiction, would we need to either of those? Could we just vacate the trial court's non-order? Your Honor, I believe that you would probably have to grant either a writ of mandamus or prohibition in this case, or an exercise of your supervisory authority if this court chose to. And the reason why is because there's no other jurisdictional mechanism for this court to oversee the trial court's ruling in this case. I don't believe that this court can just reach down and vacate a lower court order absent some sort of jurisdictional effect on this court. And so here, the trigger that we brought was a petition pursuant to Rule 381, seeking either a writ of prohibition or mandamus. If this court, obviously, would choose to exercise the supervisory authority, that would be appropriate also. You argued Bartlett before this court. Pardon? I'm sorry? You argued Bartlett before this court? No, I did not, Your Honor. I'm sorry. The only authority which was offered by the defendant to the respondent in this matter was a 1991 First District case called People v. Egg. In Egg, the appellate court held that despite the clear jurisdictional language of Rule 604-D, there were two exemptions which were available. One is where the admonishments under Rule 605 were not properly given, and the other was where the failure to bring a timely post-plea motion was the result of ineffective assistance of counsel. Although Egg still stands today as unreversed and not overruled, it's clearly no longer good law because this court's subsequent decisions in both Flowers and J.T. and People v. Lyles established that the jurisdictional requirements are the first threshold question that must be answered before a court can reach the merits of a claim. And so, although Egg found exemptions, Flowers, J.T., and Lyles reject those exemptions. And so, because Egg is no longer good law, or must be recognized as no longer good law, the respondent here should have refused to follow that to the extent that he did, and instead followed this court's clear decisions in Flowers, J.T., and Lyles. Mr. Spellberg, could the defendant have filed a 214-01 motion or post-conviction petition? He could not have filed a post-conviction petition in this case because under People v. War, since this was a misdemeanor conviction, he would only have been allowed to file it within four months of the entry of the plea, which would have occurred back in 1998. A 214-01 motion also has a two-year timeframe, and it requires some facts which were unknown at the time to have rendered the judgment inappropriate or invalid. There have been no allegations of such facts. The only allegation that was made here was that the plea, at the time the plea was taken, the Rule 605 admonishments were not given. It wasn't a challenge to the propriety of the plea itself. And as this court held in J.T., following Jones and DelVillar, the failure to give admonishments does not render the plea itself void. And so, the plea itself is still valid, or should be considered to still be valid, despite the failure. And we admit that there was a failure to give the 605 admonishments at the time of the plea in 1998. But as I stated in J.T. and DelVillar and Jones, this court said that the failure to give the admonishments and the failure to give proper admonishments does not render the plea itself void, is not rendered subject to challenge at any time, and it can only be challenged pursuant to the proper jurisdictional restrictions set out by this court's rules. And it's for that reason that we would respectfully request that this court issue either a writ of prohibition or a writ of mandamus directing the respondent to rescind his order, granting the motion to withdraw the guilty plea, and directing him to dismiss the petition for lack of jurisdiction. Thank you. Thank you. Good morning, Justices. Counsel. My name is Jacqueline Aldrich of Wolfenstech, and I represent the defendant, Efren Loza. May it please the court. The issue before this court is not whether the respondent, the Honorable Judge Sgrid, properly granted the defendant's motion to withdraw his guilty plea. The issue is whether or not he had jurisdiction to hear that motion when the motion was filed more than 30 days after the imposition of his sentence, when the defendant was not properly admonished pursuant to Illinois rule, Supreme Court Rule 605. And this issue revolves around compliance with two very important Supreme Court rules, Rule 604D and Rule 605. Rule 604D sets forth the procedure in which a defendant must file, must follow in order to preserve his right to appeal after the entry of a guilty plea. And this court has held that strict compliance with 604D is necessary. And in fact, this court has found that the 604D results in the dismissal of an appeal. And those consequences are so severe for a defendant that this court adopted Rule 605 as a necessary counterpart to Rule 604D. Rule 605 mandates that trial judges admonish the defendant upon the entry of a plea of those very 604D requirements. And this court established that rule to ensure that the severe ramifications for Rule 604D comport with due process. Judge Scrid, in the instant case, had jurisdiction to hear the defendant's motion. And he had jurisdiction under a First District case of People v. Egg, which was controlling authority as Judge Scrid sat in the First District. People v. Egg is still good law. It has never been reversed or overruled. And People v. Egg provides. It actually acknowledges that the normal rule is that a trial court is divested of jurisdiction after the lapse of 30 days from the entry of a plea and the imposition of a sentence. However, it goes on to provide two exceptions for that rule. It provides that a trial court is not divested of jurisdiction after the lapse of that 30 days when, one, the defendant was not properly admonished pursuant to Rule 605. And the other exception is when there has been ineffective assistance of counsel in the failure to file the proper post-plea motion in order to perfect an appeal. Those are the circumstances that the defendant in this case, the same circumstances in which the defendant under this case is in or was in. Ms. Aldrich, how can Egg be reconciled with the plain and unambiguous language of 604D? And isn't it in direct conflict with this Court's explicit rulings in Flowers, J.T., and Lyles? And as such, isn't it obvious that it's not an accurate statement of Illinois law? No, Your Honor, it is not. It is an accurate statement of the law, and it's not in direct contradiction to 604D, Lyles, J.T., or Flowers for the people v. Egg acknowledges the 30-day limitation that 604D sets forth. It acknowledges that that's the general rule, but it provides Don't you confuse along, and didn't the Egg court also confuse the appellate court's jurisdiction with the circuit court's jurisdiction? Don't you think that was an issue in Egg, the confusion? I don't believe that the court in people v. Egg confused the jurisdiction. I believe in Egg, the trial court found that it did not have jurisdiction and dismissed the motion. The defendant appealed. At the appellate level, the appellate court found that the trial court did, in fact, have jurisdiction under the exception that it set forth. The cases, which actually brings me to Justice Thomas's question of people v. Lyles, Flowers, and J.T. And all of those, let me start with people v. Lyles, because Lyles does not have the admonition exception at all. There's no allegation that there were no 605 admonitions in Lyles. Lyles resulted from a defendant who filed a post-conviction petition, which was dismissed. It was then appealed, and the attorney failed to, the appeal was dismissed for want of prosecution. And then the attorney tried to file, reinstate the appeal. And the holding was that the appellate court had no jurisdiction to hear that appeal. It had nothing to do with these admonition exceptions. Similarly, people v. Flowers had nothing to do with the admonition exceptions, this admonition exception, and also dealt with the appellate court's jurisdiction. In Flowers, the defendant filed an untimely motion to reconsider her sentence, the basis of which was not the 605 admonitions, but that she was not properly admonished by the trial judge that one of the possible sentences, or one of the possible conditions of her sentence, would be the payment of restitution. Could you help me? I'm down here, ma'am. Maybe I'm just being simple-minded, but I'm reading the language of Flowers, and it seems very, very, very clear. Whereas here, more than 30 days have elapsed since the sentence was imposed, the time has not been extended, the trial court is divested of jurisdiction to entertain a motion to vacate the judgment or reconsider the sentence. Period. Period. Yes, Your Honor. Mike, don't we just read it as it says? Because what Flowers is setting forth is the general rule set forth in 604D. Flowers does not address the admonition exception that is set forth in People v. Egg, which says that normally the trial court is divested of jurisdiction, and that's what Flowers held. But in Flowers, this Court held that the actually found that the defendant was properly admonished pursuant to 605 of the 604D requirements, and for that reason, her filing of the motion to reconsider her sentence untimely was inexcusable. In the instant case, we have an excuse for the noncompliance, which is the trial judge's failure to comply with Rule 605. And anywhere in Flowers, you get the sense that the Court is saying maybe under different facts, there might be jurisdiction. I mean, jurisdiction is pretty black or white, it seems to me. And the statement here is crystal clear. No jurisdiction. Is there anything in this case that you can point us to that suggests that there was this door cracked a bit? Yes, Your Honor. I believe that Flowers provides and specifically says that normally a trial court is divested of jurisdiction. And that opens a door for the exception set forth. Where does it say that? My reading is that the trial court is divested of jurisdiction, period. Your Honor, I don't have a copy of the case in front of me. But if I can direct Your Honor to this Court's decision in People v. Foster, that is actually where this Court opened the door. This Court recognized in People v. Foster that there is an admonition exception. In Foster, a defendant filed a notice of appeal without first filing the proper post-plea motion. And although normally the appellate court must dismiss the appeal, this Court decided to adopt the admonition exception and said that because there was noncompliance with 605, the case must be remanded to the trial court for proper admonitions and the opportunity for the defendant to comply with 604D. But again, in Flowers, it's inapplicable because it discusses the appellate court's jurisdiction to hear what the trial court did, not what the trial court did. I agree, Your Honor. Flowers deals with the appellate court's jurisdiction. For that reason, it's distinguishable from this case. And because Flowers was distinguishable from this case, it is not in contradiction to People v. Egg, and it is not in contradiction to the plain language of 604D. And in fact, the very purpose behind Rule 605, this Court's adoption of Rule 605, is that it would be unfair, it would be a violation of a defendant's constitutional right to due process to find that there is a severe consequence, they lose their right to a direct appeal if they fail to comply with 604D, when the trial judge does not admonish them of those requirements. This Court adopted 605 to ensure that the defendant knew of those requirements before he's penalized. If there is no admonition exception, then Rule 605 is rendered unenforceable. There has to be a consequence for a trial judge's failure to comply with Rule 605. Is there any time limit at all on the ability of the defendant to file a post-trial motion? Our position is that there is not. And the reasoning for that is that the trial court retains jurisdiction until those admonitions pursuant to 605 are given. At that point... Where do you see that? That the trial court retains jurisdiction indefinitely? We see that in People v. Egg, where the defendant filed his motion two years later. There was no time limit on the court's retaining jurisdiction. And in fact, the appropriate circumstance, the appropriate remedy is to say that the trial court retains jurisdiction to hear the motion until those admonitions are given, because they are so important. Is this the only exception to the 30-day requirement in 604D? No, Your Honor. There are two set forth in People v. Egg, and the other exception is when there has been ineffective assistance of counsel in the filing of the proper post-plea motion. So that could be raised 25 years later? Yes, Your Honor. That is our position. However, the time that has... What we're asking this Court to find is that the admonition exception in People v. Egg is consistent with what this Court held in People v. Foster. And to find that despite the lapse in time, we're not asking this Court to say that the lack of admonitions automatically requires a trial court to grant the motion to withdraw the guilty plea. We're asking this Court to find that the court retains jurisdiction to hear the motion. The trial court can still deny the motion. And then, assumedly, the defendant would have a right to appeal. Yes, Your Honor. That's the whole purpose behind the admonition exception. But at that point, the trial court then can balance how long has it been since the plea was entered. That's where the trial court can balance the State's interest versus the defendant's interest, the lapse of time. That would be the appropriate time for that to be considered. So what does that do to our rule that no appeal can be taken from a judgment entered on a plea of guilty unless the post-plea motion is filed within 30 days? It provides an exception to that rule. That still remains the rule that when 605 is complied with, a defendant has 30 days to act. And if he doesn't act within 30 days, he loses his right to appeal. This, a holding consistent with adopting this admonition exception would merely set forth an exception to that rule, which can be, would be cured by a trial judge's compliance with 605. And in fact, a trial judge's compliance with Rule 605 is simple. All they have to, the rule is plain. It's unambiguous. Trial judge, all they have to do is read the admonition set forth in 605. What about JT? In re JT is also distinguishable, Your Honor, because in that case, JT filed, entered a plea of guilty and was sentenced to probation. He subsequently, an intervening step took place and he, a petition to revoke was filed. He was then resentenced to the Department of Correction. It was only after that resentencing that he filed his notice of appeal. Now in that case, he raised the admonition exception as the issue for his appeal. And what we're saying in this case is that the admonitions is not necessarily what would require the trial court to grant the motion, but just that it gives them jurisdiction. The court in this Well, let's look at this, specifically address this language in JT. We held it because the respondent did not file either a timely post plea motion or a timely notice of appeal from the order sentencing him to probation when he brought the 605 issue. Quote, the appellate court had no jurisdiction to consider any plea or his sentence. And then they noted, the JT court, while the giving of improper admonitions constitutes error, it does not divest the circuit court of jurisdiction such that the conviction and sentence were rendered void. Correct, Your Honor. We are, we are, that's another reason it's distinguishable because it found that the appellate court didn't have jurisdiction. We are saying that we What about the language specifically with respect to jurisdiction, that there was no jurisdiction, even though a 605 issue was raised. Isn't that just what we have before us here? No, Your Honor. It provides that there is no jurisdiction for the appellate court to hear it, hear the issue of the admonitions on appeal. And in this case, we're saying that it would be consistent with the holding in this case, which is that the trial, the proper mechanism is for the Doesn't that present an inconsistency, this dichotomy between the trial court having jurisdiction but the appellate court not? Give me some reason why that should be the case. That you're okay with the appellate court not having jurisdiction to hear the 605 on appeal, but as far as the trial court, their jurisdiction goes on ad infinitum, I assume is your position. Because 604D does not provide the mechanism in which the appellate court obtains jurisdiction. It's the filing of a notice of appeal within 30 days. That's what gives the appellate court jurisdiction. What we are saying is that the failure to give the admonitions would mean that the trial court retains jurisdiction. Once the admonitions are given and the defendant files the motion, then the granting or the denial of the motion would then, there would be 30 days in which the defendant can file a notice of appeal. And that's when the appellate court would gain jurisdiction. And let me distinguish So the appellate court really would never be without jurisdiction. Although we're saying the appellate court doesn't have jurisdiction under your scenario, they could always go back 12, 15 years later to the trial court, say no proper admonishments, not get the ruling they like, and now they get, now you just said it. That now the appellate court, even though we said doesn't have jurisdiction in JT, now gets jurisdiction this way, around the back door, right? They obtain jurisdiction from the filing of the motion after the admonitions are given, and that 30 days, that 30 days pursuant to 604D would then start from the filing of, from the filing of the motion to withdraw in the trial court. So they don't retain, the appellate court doesn't retain jurisdiction this whole time. The appellate court has jurisdiction for that 30 days. And in fact, in Foster, this court recognized that in that case the defendant filed the notice of appeal without filing the proper post plea motion first. But he did so within 30 days. So this court held that the appellate court had jurisdiction because the post plea motion was not a condition, was not a jurisdictional requirement, but a condition precedent to the notice of appeal. This court found that although the appellate court should normally dismiss the appeal without the post plea motion, that because of the violation of 605, it must remand the case to, it must remand the case back to the trial court. And that's what, that's why this court's holding in Foster, which says the appellate court, even within 30 days, their jurisdiction is invoked. Instead of this court holding that, fine, let them just deal with the appeal because there has been this exception. This court found it has to go back to the trial court because the trial court is in a better position to determine whether or not there were mistakes at the time of the plea. That is why it would make sense to say that the trial court retains jurisdiction under this exception until the 604B admonitions are given. To find otherwise would render Rule 605, as I've said, unenforceable and useless. And it serves a very important purpose. And I believe this court found that in People v. Foster. They wouldn't, you would, this court would not have found that admonition exception in that circumstance. Why would it exist when a defendant fails to file the proper post plea motion prior to filing the notice of appeal? That's noncompliance with 604D. But not when a defendant fails to comply with 604D in a different manner. By filing the motion first, which is what the court found to be the case, the trial judge fails to comply with Rule 605. And again, just to distinguish J.T. further, J.T. was admonished pursuant to 605. J.T. was admonished that he had the right to appeal and that he had to file, they were not, it was not strict compliance with 605. But this court found that there was enough admonitions pursuant to 605 to put him on notice that he had   to file a motion in the trial court within 30 days. That is much more than the defendant in this case was admonished. Because he was not admonished at all. He was not even admonished that he had the right to appeal, let alone that he had to, the procedure in which he had to file under 604D. Because this court has adopted 605 as a necessary counterpart to Rule 604, to find that this admonition exception does not exist in this circumstance would render Rule 605 useless. And it serves a very important purpose, to ensure due process, to ensure that a defendant does not lose his right to a direct appeal. And for all those reasons and the reasons set forth in our brief, we would ask this court to deny petitioner's request for a writ of mandamus or prohibition and to find that the admonition, that Judge Scrid did have jurisdiction to hear this motion under People v. Egg and that the admonition exception does apply in this instance. Thank you. Thank you, Ms. Aldridge. Mr. Spellberg. Justice Tice, jurisdiction is black and white. This court has always recognized that it's black and white. Going back at least 40 years in People v. Norscom, this court recognized that depriving a defendant of a right to bring a direct appeal because he didn't meet the jurisdictional requirements by filing a timely notice of appeal was appropriate because the jurisdictional rules, as set out by this court, are clear. They benefit everyone when they are clear and followed appropriately. And in fact, although counsel pointed to the language in Flowers, which said normally a motion to withdraw can only be brought within 30 days, on page 303 of that opinion, this court made clear what it was referring to when it said normally. It was talking about the circumstance where a timely motion to extend the filing of a motion to withdraw a guilty plea is made. In fact, as the court stated just after that sentence, whereas here more than 30 days have elapsed since sentence was imposed and the trial court has not extended the limitation period upon proper application of a defendant for a good cause shown, the trial court is divested of jurisdiction to entertain the defendant's motion to vacate the judgment or reconsider the sentence pursuant to Rule 604D. So it is clear, as this court stated in Flowers and innumerable other cases, that the jurisdiction of a trial court to hear a motion to withdraw a guilty plea, to entertain a motion to withdraw a guilty plea, is limited by the 30-day time frame set out in Rule 604D. And in fact, it's quite telling that my opponent has specifically called for a recognition that there be no limit at all, that the 30-day time frame is not really a restriction of any sort. And I would direct this court to the decision in People v. Lyles where a similar argument was made in regards to the ability of an appellate court to reinstate an appeal after it had been dismissed for want of prosecution. The ability to reinstate it more than 21 days is required by Rule 367. In that case, the dissenting appellate court justice pointed to the fact that the mandate had not yet been issued by the appellate court. And so therefore, the appellate court's jurisdiction continued on well beyond the 21-day time frame of Rule 367 until the mandate was issued. And this court specifically rejected that argument, saying that no, the jurisdictional time limits set out in this court's rules are what define the appellate court's jurisdictions. It was not the existence or the transfer of the mandate from the appellate court to the circuit court. It was simply the time frame set out in Rule 367. As to the admonition exception which counsel discussed, this court in William M., in his brief, specifically addressed that question as to what the admonition exception is. And what the court recognized and stressed was that the admonition exception only applies when the timely notice of appeal is filed in the appellate court. And the reason why is because under Rule 604D in People v. Welk, if a defendant files an appeal after taking a guilty plea but fails to file the proper post-plea motions, the appeal is supposed to be dismissed. However, as recognized originally in People v. Foster, if the defendant was not properly admonished of that right, of the obligation to file a post-plea motion, but he does bring a timely notice of appeal, the appellate court which does have jurisdiction should remand the matter so that way the defendant can be re-admonished under Rule 605 and then follow the proper Rule 604D procedures. But that's not what occurred here. Because what occurred here is a untimely post-plea motion that was filed without any jurisdiction. The admonition exception is not an exception to jurisdiction. It's an exception to the condition precedent of filing the post-plea motions. And then just finally, it is clear that AG is not an accurate statement of Illinois law. It cannot be reconciled with any of these courts, with any of this court's more recent decisions in Flowers, in JT, in Lyles. And it's clear that although it hasn't been overruled sub salento, as this court recognized in Nolan v. McClain, a case which we cite in our reply brief, that was a case where the trial judge had relied upon an appellate court decision which was inconsistent with subsequent decisions of this court. And this court held specifically that that original appellate court decision had been overruled sub salento and the trial judge acted improperly in relying upon it. Similarly, in People v. Lyles, this court found that the decision which the dissenting justice relied on regarding the issuance of the mandate had been overruled sub salento by this court's subsequent decisions and amendment to Rule 367. And so for those reasons, there's no legitimate argument to accept that AG is still an accurate statement of Illinois law. And then just finally, this case represents if the trial judge's actions here, if Judge Spridd's actions here were to be permitted to occur, it would represent the opening of a tremendous floodgate. Because as counsel stated, there are no restrictions. There are no time limits. And so any defendant who's pled guilty at any point in the last 50, 60, 80 years could come in and try and vacate their plea. It would be an incredible burden upon the system. It would be an incredible burden upon the prosecutors to try and try these cases, to even track down their files. And that would be completely inconsistent with the overriding purposes of finality which this court has repeatedly recognized. And so for those reasons, we would respectfully request this court grant the extraordinary relief of either a writ of prohibition or mandamus and direct Judge Spridd to rescind his order granting the motion to withdraw the guilty plea and to order him to dismiss the motion to withdraw the guilty plea for lack of jurisdiction. Thank you. Thank you, counsel. Case number 110498, People X. Rel. Anita Alvarez, State's Attorney of Cook County v. Honorable David A. Spridd, Judge of the Circuit Court of Cook County is taken under advisement as a judge.